UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DARRELL JAMES PARKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 20-3566 (UNA) |
| ) | |
| ) | |
| UNITED STATES OF AMERICA *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter, brought *pro se* by a District of Columbia prisoner in federal custody, is before the Court on review of Plaintiff's "Commercial Affidavit," ECF No. 1, and his motion to proceed *in forma pauperis*, ECF No. 2. For the following reasons, the *in forma pauperis* motion will be granted and this case will be dismissed.

A district court must immediately dismiss a prisoner's complaint upon determining that it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A. Plaintiff has sued the United States and a long list of defendants apparently connected to his 1990 criminal case, *U.S. v. Parks*, No. F-9316-90 (D.C. Super. Ct.). Aff. ¶ 14; *see id* at 1-2 (naming among 41 defendants assistant U.S. attorneys, judicial officers, and law enforcement personnel); *see also Parks v. Fulwood*, No. 10-cv-9332, 2011 WL 9522695, at *1 (C.D. Cal. Dec. 19, 2011) (noting that in 1991, Plaintiff "was found guilty of several crimes—including second degree murder—in the Superior Court of the District of Columbia" and "received an aggregate sentence of 21 years to life") (record citation omitted)). It is unclear if Plaintiff is

1

claiming that the defendants cannot hold him or his property without a commercial lien, *see id*. ¶¶ 6-11, or that he is the lienholder.  Either way, his pleading lacks merit.

First, Plaintiff has not plausibly alleged a financial transaction between himself and a defendant to state a claim under commercial law.  Second, an action seeking to place liens against the property of individuals simply because they played a role in the pleader's conviction is frivolous, malicious, and subject to criminal prosecution.  *See Crisafi v. Holland,* 655 F.2d 1305, 1308 (D.C. Cir. 1981) ("A court may dismiss as frivolous complaints reciting bare legal conclusions with no suggestion of supporting facts, or postulating events and circumstances of a wholly fanciful kind."); *Chatterton v. Janousek*, 280 F.2d 719, 721 (D.C. Cir. 1960) ("Prosecution of a civil suit with an improper motive and without provable cause is actionable as malicious[.]"); *see also* 18 U.S.C. § 1521 ("Whoever files, attempts to file, or conspires to file, in any public record . . . any false lien against the real or personal property of [an officer or employee of the United States] on account of the performance of [his] official duties . . . knowing or having reason to know that such lien . . . is false . . . shall be fined . . . or imprisoned for not more than 10 years, or both.").  Finally, to the extent that Plaintiff is questioning the basis of his custody, his remedy lies if at all in a writ of habeas corpus directed at his immediate custodian.  *See* 28 U.S.C. §§ 2241, 2243; *Rumsfeld v. Padilla*, 542 U.S. 426, 434-39 (2004).

Accordingly, this case will be dismissed with prejudice.  *See Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (A dismissal with prejudice is warranted upon determining "that 'the allegation of other facts consistent with the challenged pleading could not possibly

cure the deficiency.'") (quoting *Jarrell v. United States Postal Serv.*, 753 F.2d 1088, 1091 (D.C. Cir. 1985) (other citation omitted)).  A separate order accompanies this Memorandum Opinion.

Date: December 17, 2020

/s/
CHRISTOPHER R. COOPER
United States District Judge